**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 23-2068**

---

PAOLA VANESSA MELENDEZ-CALDERON,

        Petitioner,

    v.

MERRICK B. GARLAND, Attorney General,

        Respondent.

---

On Petition for Review of an Order of the Board of Immigration Appeals.

---

Submitted:  August 20, 2024                    Decided:  August 27, 2024

---

Before GREGORY and THACKER, Circuit Judges, and KEENAN, Senior Circuit Judge.

---

Petition denied by unpublished per curiam opinion.

---

**ON BRIEF:** Eric R. Suarez, SANABRIA & ASSOCIATES, PLLC, Silver Spring, Maryland, for Petitioner.  Brian Boynton, Principal Deputy Assistant Attorney General, Nancy E. Friedman, Senior Litigation Counsel, Brooke M. Maurer, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Paola Vanessa Melendez-Calderon, a native and citizen of Honduras, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing her appeal from the Immigration Judge's denial of Melendez-Calderon's applications for asylum and withholding of removal.[*] We have reviewed the record and Melendez-Calderon's claims and conclude that the evidence does not compel a ruling contrary to any of the administrative factual findings, *see* 8 U.S.C. § 1252(b)(4)(B), and that substantial evidence supports the denial of relief, *see INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992). Accordingly, we deny the petition for review. *In re Melendez-Calderon* (B.I.A. Sept. 15, 2023). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*

---

[*] Melendez-Calderon also challenges the denial of protection under the Convention Against Torture, a claim she failed to exhaust before the Board. Because the Attorney General has properly invoked the exhaustion requirement specified in 8 U.S.C. § 1252(d)(1), we decline to consider this argument. *See Santos-Zacaria v. Garland*, 598 U.S. 411, 413, 419 (2023); *Trejo Tepas v. Garland*, 73 F.4th 208, 213-14 (4th Cir. 2023).